# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ANN M. VAYDA, | DOCKET NUMBER |
|         Appellant, | PH-0831-18-0246-I-1 |
|     v. | |
| OFFICE OF PERSONNEL | DATE: February 21, 2024 |
|   MANAGEMENT, | |
|         Agency, | |
|    and | |
| ROSEMARY E. HUDAK, | |
|         Intervenor. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ann M. Vayda, Philadelphia, Pennsylvania, pro se.

Carla Robinson, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

(OPM) denying her claim for survivor benefits under the Civil Service Retirement System (CSRS). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's analysis and to find that the appellant cannot prove an entitlement to a lump-sum benefit as the decedent's "widow" under 5 U.S.C. § 8342(c), we AFFIRM the initial decision.

On petition for review, the appellant challenges the administrative judge's finding that she failed to prove her entitlement to survivor benefits as the decedent's widow because she did not prove that she and the decedent entered into a common law marriage. Petition for Review (PFR) File, Tab 1; Initial Appeal File (IAF), Tab 24, Initial Decision (ID) at 16. After considering the appellant's arguments on review and reviewing the record, we discern no reason to disturb the thorough and well-reasoned initial decision. Specifically, we agree with the administrative judge's finding that the appellant did not meet her heavy burden of proving that she and the decedent expressed a present intention to enter into the legal relationship of marriage. ID at 12-16; *see Staudenmayer v. Staudenmayer*, 714 A.2d 1016, 1021 (Pa. 1998) (holding that, if a putative spouse who is able to testify and fails to prove by clear and convincing evidence the

establishment of the marriage contract through the exchange of *verba in praesenti* (i.e., words in the present tense), then that party has not met its "heavy" burden to prove a common law marriage because it does not enjoy any presumption based on evidence of constant cohabitation and reputation of marriage). We further agree with the administrative judge's finding that, even if he were to consider evidence of a reputation of marriage for purposes of a rebuttable presumption of a common law marriage, such evidence of a broad and general reputation of marriage between the appellant and the decedent is lacking. ID at 15-16; *see, e.g., Giant Eagle v. Workers' Compensation Appeal Board*, 602 A.2d 387, 389 (Pa. Commw. Ct.) (finding that the evidence suggesting that the claimant and the decedent's reputation of marriage was confined to very few people was not sufficient to give rise to the presumption of marriage), *appeal denied*, 618 A.2d 403 (Pa. 1992) (Table).

Although we agree with the administrative judge's conclusion that the appellant did not prove that she was entitled to survivor benefits as the decedent's widow, we modify the initial decision to supplement his analysis, as follows. ID at 16. The administrative judge correctly addressed the appellant's potential entitlement to a survivor annuity as the decedent's "widow" under 5 U.S.C. § 8341(d), but he did not explicitly decide her potential entitlement to a lump-sum benefit as the decedent's "widow" under 5 U.S.C. § 8342(c). ID at 3; IAF, Tab 12 at 1-2; *see Clark v. Office of Personnel Management*, 40 M.S.P.R. 517, 519-20 (1989) (considering the possibility that the appellant was eligible for a survivor annuity as a "current spouse" and also was entitled to a lump-sum benefit under 5 U.S.C. § 8342(c) as the decedent's widow). If a survivor annuity is not payable, lump-sum benefits are to be paid according to the order of precedence set forth at 5 U.S.C. § 8342(c). *See* 5 U.S.C. § 8342(d); *Canelo v. Office of Personnel Management*, 56 M.S.P.R. 217, 219 (1993) (explaining that a lump-sum benefit is to be paid, based on the service of a deceased Federal employee, if that service does not entitle anyone to a survivor annuity at the time

of the decedent's death, or if, before a claim for a survivor annuity is filed, the survivor's right to the annuity has terminated); *Narvasa v. Office of Personnel Management*, 47 M.S.P.R. 152, 154 (1991) (observing that, if no survivor annuity is payable, and if the deceased employee served in a position covered by the CSRS, 5 U.S.C. § 8342(d) provides for payment of a lump-sum benefit). Section 8342(c) provides that lump-sum benefits shall be paid first to the designated beneficiary, and second, if there is no designated beneficiary, to the "widow or widower" of the employee. Here, it is undisputed that the decedent did not designate a beneficiary for payment of a lump-sum benefit. ID at 3. Because we agree with the administrative judge's finding that the appellant failed to prove that she was the decedent's "widow" based on a common law marriage for purposes of a survivor annuity under 5 U.S.C. § 8341(d), ID at 3-4, 16, we find that she cannot prove an entitlement to a lump-sum benefit as the decedent's "widow" under 5 U.S.C. § 8342(c).

The appellant further asserts on review that she was not prepared to present her case at the hearing because a legal specialist at the Board allegedly told her that the hearing would proceed in a question-and-answer format. PFR File, Tab 1 at 3. We discern no reason to disturb the initial decision on such a basis when she has failed to describe how her substantive rights have been harmed. *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (finding that an administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights).

Accordingly, we affirm OPM's reconsideration decision.

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or

any court of appeals of competent jurisdiction.[3]   The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.